UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

CASE NO.: 6:15-CV-2003-OY1-37-KRS

TRACY L. HAYS,

       Plaintiff,

vs.

TIGER ALL CONTRACTORS, INC. and
ROGERIO REIS,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, TRACY L. HAYS ("PLAINTIFF"), through counsel, sues Defendants, TIGER ALL CONTRACTORS, INC., and ROGERIO REIS (Collectively "DEFENDANTS") and alleges the following:

1. This is an action for damages within the jurisdiction of this court.

2. Plaintiff resides in this court's venue and is a past employee of Defendants.

3. At all times material hereto, Defendant, TIGER ALL CONTRACTORS, INC., was a domestic corporation engaged in the

1

gutter sales and installation business, was licensed to transact business in the State of Florida, conducted business in this court's venue, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

4. Defendant, ROGERIO REIS is a resident of the Middle District of Florida and at all times material hereto, was the managing agent of Defendant, TIGER ALL CONTRACTORS, INC.; said Defendant acted and acts directly in the interests of the Defendants, TIGER ALL CONTRACTORS, INC. in relation to said co-Defendants' employees. Defendant effectively dominated TIGER ALL CONTRACTORS, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, ROGERIO REIS was the "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

5. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and worked for Defendants as an administrative assistant.

6. From about May 15, 2015 to October 12, 2015, Plaintiff worked for Defendants with no overtime being paid for hours worked over 40 hours per week.

7. During the subject time, Defendants knowingly caused Plaintiff to being underpaid overtime and paid straight time only for a total amount owed of $1,920.00 (19.2 weeks x 10 hours per week x $10.00 x .5 (half-time) x 2 (Liquidated damages).

8. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

9. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (ALL DEFENDANTS)

10. Plaintiff reavers and realleges paragraphs 1-9 herein.

11. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

12. Plaintiff seeks recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Loren Law Group
100 S. Pine Island Rd.
Suite 132
Plantation, FL 33324
Phone:       (954) 585-4878
Facsimile:   (954) 585-4886
E-Mail:      JLoren@Lorenlaw.com

_____
James M Loren, Esquire
Fla Bar No.: 55409