# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TRACY L. HAYS,

        **Plaintiff,**

v.                                          **Case No:   6:15-cv-2003-Orl-37KRS**

TIGER ALL CONTRACTORS, INC. and
ROGERIO REIS,

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND TO DISMISS CASE WITH PREJUDICE (Doc. No. 9)** |
| **FILED:** | **February 18, 2016** |

## I.    PROCEDURAL HISTORY.

On November 24, 2015, Plaintiff Tracy L. Hays filed suit against her former employers, Defendants Tiger All Contractors, Inc. and Rogerio Reis.  Doc. No. 1.  Plaintiff alleged that Defendants failed to pay her overtime compensation, in violation of the Faith Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  On February 18, 2016, the parties filed the above-referenced motion to approve their settlement agreement and attached the agreement in support.  Doc. No. 9.  They stipulate to dismissal of Plaintiff's claims with prejudice upon settlement approval.  *Id.* at 2.

The parties also request that the Court retain continuing jurisdiction to enforce the terms of the settlement agreement.  *Id.*

The motion was referred to me for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II.    APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   679 F.2d at 1353.   Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1]   If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.   *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III.     ANALYSIS.

### A.     *Plaintiff Will Receive All FLSA Compensation Arguably Due.*

Under the settlement agreement, Plaintiff will receive $1,920.00 in alleged unpaid overtime compensation.   Doc. No. 9, at 5.   Because the parties reached a settlement before the issuance of the Court's FLSA Scheduling Order, there are no answers to the standard Court interrogatories in the record.   However, in the joint motion and in the settlement agreement itself, Plaintiff acknowledges that the sum of $1,920.00, which includes liquidated damages, represents all the overtime owed to her by Defendants including an equal amount of liquidated damages.   *Id.* at 1, 5. Consequently, I recommend that the Court find that Plaintiff has not compromised her FLSA claim because she will receive the full amount of compensation she alleges that Defendants owed.

### B.     *Attorneys' Fees and Costs.*

Under the settlement agreement, Plaintiff's counsel will receive $3,400.00 for attorneys' fees and costs.   Doc. No. 9, at 2.   The parties represent that this amount was negotiated separately from Plaintiff's damages claim.   *Id.* at 1; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).   Moreover, because Plaintiff will receive all of the FLSA wages to which she claims she is entitled, the amount of attorneys' fees and costs paid under the settlement agreement could not have tainted the amount Plaintiff agreed to accept to settle this case.   As a result, the Court need not scrutinize the settlement agreement further to consider whether the attorneys' fees and costs to be paid are reasonable.   *See Caamal v. Shelter Mortg. Co.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013).

C.      *Whether the Settlement Is Fair and Reasonable.*

"If judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case . . . ." *Dees*, 706 F. Supp. at 1247.   Because Plaintiff will receive all of the FLSA wages due and because there are no provisions in the settlement agreement that would render the settlement agreement otherwise unfair, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."   *Lynn's Food*, 679 F.2d at 1355.

D.      *Whether the Court Should Retain Jurisdiction over This Matter to Enforce the Settlement Agreement.*

In the wherefore clause of their motion, the parties request that the Court retain jurisdiction to enforce the terms of the settlement.   Doc. No. 9, at 2.   The parties have made no argument and presented no facts in support of the request.   Moreover, "[c]ourts in this District routinely deny requests to retain jurisdiction to oversee and enforce the terms of an FLSA settlement agreement." *Santiago-Valle v. Transition House, Inc.*, No. 6:15-cv-715-Orl-40GJK, 2015 U.S. Dist. LEXIS 169419, at *12 (M.D. Fla. Dec. 10, 2015), *adopted by* 2015 U.S. Dist. LEXIS 169420 (M.D. Fla. Dec. 19, 2015).   In the absence of any compelling explanation as to why the Court should retain continuing jurisdiction to enforce the settlement, I recommend that the Court deny the parties' request concerning the same.

IV.     **RECOMMENDATIONS.**

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1.      **GRANT in part** the parties' Joint Motion for Approval of Settlement Agreement and to Dismiss Case with Prejudice (Doc. No. 9);

2.      **FIND** that the parties' settlement agreement (Doc. No. 9, at 4–7) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

3.      **DISMISS** the case with prejudice;

4.      **DECLINE** to retain jurisdiction over this matter to enforce the settlement agreement; and

5.      **DIRECT** the Clerk of Court to close the file.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 1, 2016.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE